**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Judith McMullen et al.

v. Civil No. 25-cv-12777-SDE

Gordon N. Schultz et al.

**O R D E R**

Self-represented plaintiffs Judith McMullen and Patricia Ramos bring this suit alleging various federal and state law claims. They name as defendants United States District Judge Leo Sorokin, First Justice Mary Heffernan of the Newton District Court, unnamed clerks of certain federal and state courts, the Dartmouth Police Department and its unnamed officers, and attorneys Gordon Schultz and Duane Sullivan. Several defendants separately move to dismiss, arguing, among other things, that the complaint fails to state a plausible claim for relief. See doc. nos. 21, 26, 29, & 33.[1] Viewed generously, the plaintiffs object only to Sullivan's and Dartmouth Police Department's motions (doc. nos. 27 & 29). See doc. nos. 31 & 32.

As the defendants argue, the plaintiffs' complaint is nearly devoid of factual allegations. The plaintiffs allege the following facts as to each defendant:

> A: Schultz: Filed fraudulent post-discharge claims, concealed trust certificate, forum-shopped.
>
> B: Heffernan: Admitted lack of jurisdiction but refused to vacate; appointed receiver without bond; suppressed indispensable party.
>
> C. Newton Clerks: Processed void pleadings, refused summons.

---

[1] Judge Sorokin and the Clerks of Court for the United States District Court for the District of Massachusetts have not filed appearances in this case and have not moved to dismiss.

D. Sullivan: Seized Ramos's home without bond; trashed contents; fabricated trespass charges.

E. Dartmouth Police: Arrested McMullen despite title records; refused testimony from Ramos.

F. Sorokin: Blocked summons (Rule 4(b)); dismissed case despite no final judgment; declared service "moot" though Schultz had appeared.

G. Federal Clerks: Refused to issue summons; processed void dismissal.

Doc. no. 1 at 2-3. From those facts, the plaintiffs assert a litany of federal and state-law claims, including "Civil RICO" and a violation of their equal protection rights because of "Bias Against Pro Se Litigants." Id. at 3-4.

Federal Rule of Civil Procedure 8(a) requires only "notice pleading," including that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "[n]otice pleading rules do not relieve a plaintiff of responsibility for identifying the nature of her claim." Calvi v. Knox Cnty., 470 F.3d 422, 430 (1st Cir. 2006). "Consequently, the statement of claim must, at a bare minimum, give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. (quotations omitted). Thus, under "notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004). "A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement." Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993). Moreover, consonant with its inherent authority to manage its own cases, the court can elect to determine, sua sponte, whether a complaint satisfies Rule 8(a)(2). See, e.g., Davidson v. Massachusetts, Civ. No. 11-10194-RWZ, 2011 WL 797403 (D. Mass. 2011) (dismissing case sua sponte because,

inter alia, complaint failed to satisfy Rule 8); see also Mallard v. U.S. Dist. Court for Southern Dist. Of Iowa, 490 U.S. 296, 307-08 (noting "little doubt" that courts would have power to dismiss "frivolous or malicious" actions, even without statutory authority to do so).

Here, the plaintiffs' complaint fails to allege sufficient facts to permit the court to determine whether it possesses jurisdiction over the claims alleged[2] and to put the defendants or the court on notice as to the nature of their claims. The "[d]efendants have no 'meaningful opportunity to mount a defense,' against [the plaintiffs'] allegations, as they have no adequate notice of their purported wrongdoing." Hasan v. Educ. Comm'n for Foreign Med. Graduates, No. 24-CV-10438-DJC, 2024 WL 5008882, at *2 (D. Mass. Dec. 6, 2024) (quoting Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123-25 (1st Cir. 2004)). Therefore, the court dismisses the complaint. In light of the plaintiffs' pro se status, the court will dismiss the complaint without prejudice and afford the plaintiffs an opportunity to file an amended complaint that complies with Rule 8(a).

## Conclusion

For the foregoing reasons, the court grants the defendants' motions to dismiss (doc. nos. 21, 26, 29, & 33) without prejudice to the extent that they seek dismissal based on the plaintiffs' failure to comply with Rule 8(a), and denies them without prejudice to the extent that they seek any other form of relief. The plaintiffs shall file an amended complaint that complies with Rule 8(a) within 30 days of the date of this order or the court will enter judgment and close the case.

[2] On the facts alleged, the court is concerned that it lacks subject matter jurisdiction because the claims are barred by the Rooker-Feldman doctrine. See generally District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

All other pending motions are denied as moot without prejudice. The clerk shall not enter judgment or close the case until further order of the court.

SO ORDERED.

Samantha D. Elliott
United States District Judge
Sitting by designation.

Dated: September 23, 2026

cc: Judith McMullen, pro se
Patricia Ramos, pro se
Counsel of record.